**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | | |
|---|---|---|
| **RASHAD WILSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:26-CV-128 (CAR)** |
| | : | |
| **SECRETARY FRANK KENDALL,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court are *pro se* Plaintiff Rashad Wilson's Motion to Proceed *In Forma Pauperis* ("IFP") and Motion for Appointment of Counsel. Having reviewed Plaintiff's Affidavit, it appears he is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** But, because Plaintiff fails to allege facts sufficient to state any viable claim for relief, **there will be no service of process until further order of this Court.** If Plaintiff wishes to maintain this action, then under 28 U.S.C. § 1915(e)(2) he **must file a recast Complaint within 21 days** of the date of this Order, which will supersede his original Complaint, as hereinafter directed. Also, for the reasons explained below, Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **DENIED**.

**A. Motion to Proceed IFP [Doc. 2]**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of poverty. Plaintiff states he has two minor dependents, receives $1,938.00 per month in income, expects to receive $770.00 per month in income in the future, has $30.91 in his checking accounts, and his monthly expenses

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).
[2] *Martinez*, 364 F.3d at 1307 (internal quotation marks and citation omitted).
[3] *Id.*
[4] *Id.* (citation omitted).

total approximately $770.00.[5] The Court finds Plaintiff qualifies as a pauper under § 1915, and his Motion [Doc. 2] is **GRANTED**.

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[8] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[9] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] The

---

[5] Pl.'s Mot Proceed IFP, [Doc. 2].
[6] 28 U.S.C. § 1915(e)(2)(b).
[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[9] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[10] *Iqbal*, 556 U.S. at 663.

plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12] *Pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[13] But "[d]espite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading."[14]

Plaintiff asserts claims under Title VII for disparate treatment,[15] retaliation,[16] and hostile work environment against Defendant Secretary Frank Kendall,[17] the head of the Department of United States Air Force ("the Agency"),[18] arising from Plaintiff's employment as a General Manager at Robins Air Force Base.[19] Plaintiff attached the Equal Employment Opportunity Commission's ("EEOC's") "Decision on Request for Reconsideration," denying Plaintiff's request for reconsideration of the EEOC's final decision, which affirmed the Agency's final order determining that discrimination had

---

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[12] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).
[13] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[14] *Osahar v. United States Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).
[15] Compl., at 3, ¶¶ 16-20 [Doc. 1] (referring to claim as "Count I – Discrimination (Title VII)").
[16] *Id.* ¶¶ 21-24 ("Count II – Retaliation (Title VII)").
[17] *Id.* ¶¶ 25-28 ("Count III – Hostile Work Environment (Title VII)").
[18] *See* 42 U.S.C. § 2000e-16(c) (providing only "the head of the department, agency, or unit, as appropriate, shall be the defendant[]" when federal employees sue for employment discrimination under § 2000e-16).
[19] *Id.* ¶¶ 4-5.

not occurred.[20] Although Plaintiff did not attach his EEOC charge,[21] the EEOC's Decision states Plaintiff "filed a formal EEO complaint alleging that the Agency subjected him to hostile work environment based on race (African American), sex (male), and age (40)" when (1) "the Supervisory Human Resources Specialist (SHRS) failed to provide the Deputy Director with [Plaintiff's] job description paperwork, prohibiting [Plaintiff's] ability to receive compensation for his Acting Superintendent duties[;]" (2) Plaintiff's "requests for leave . . . were denied, and management failed to take appropriate action;" and (3) Plaintiff "was informed that he was being charged AWOL (absent without leave)" and "was recommended for termination."[22] Plaintiff seeks declaratory relief, damages for back pay and benefits of an unspecified amount, and attorney's fees and costs.[23]

Plaintiff has failed to state any viable claim for relief. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination because of "race, color, religion, sex, or national origin."[24] In the Complaint, Plaintiff does not specify whether his Title VII claims are based on race discrimination, sex discrimination, both, or neither.[25] And Plaintiff does not identify the adverse employment actions that he was subject to, the protected activity he engaged in, or the unwelcome conduct that he suffered.[26] Instead, Plaintiff's "factual

---

[20] EEOC's Decision Request Reconsideration, [Doc. 1-3].
[21] *See* Doc. 1. Plaintiff alleges that he "timely filed an administrative complaint with the [EEOC]." *Id.* ¶ 6. The record supports this.
[22] Doc. 1-3 at 2.
[23] Doc. 1 at 4.
[24] 42 U.S.C. § 2000e-2(a)(1).
[25] Doc. 1.
[26] *Id.*

allegations" amount to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[;]" such legal conclusions alone are insufficient to plausibly state a claim.[27]

Given Plaintiff's *pro se* status, the Court will afford him an opportunity to amend his complaint to state viable claims.[28] The Court will not look back to the facts alleged in the original complaint once any amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).[29]

In the "statement of claims" section of his amended complaint, Plaintiff must link any claims he makes to the named defendant. If Plaintiff fails to link the named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against the named defendant, that defendant will be removed from the action and dismissed. Plaintiff must provide enough facts to plausibly demonstrate the defendant's actions or omissions resulted in the violation of his rights under a specific law. Plaintiff must identify the named Defendant. It is recommended that, when drafting his "statement of claims," Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

---

[27] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[28] *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend h[er] complaint instead of dismissing it.").

[29] *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

(1) What did the defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Plaintiff injured as a result of the defendant's action?

(4) What law did the defendant violate?

In drafting his recast Complaint, Plaintiff should take care to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b).[30] Complaints that violate these Rules "are often disparagingly referred to as 'shotgun pleadings.'"[31] Shotgun pleadings may contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"[32] or fail to separate each cause of action or claim for relief into a separate count.[33] "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[34]

Plaintiff's Complaint fails to give Defendant adequate notice of the claims he asserts and the grounds for each claim. To comply with Rule 10(b), Plaintiff must adequately allege factual allegations into numbered paragraphs to sufficiently state a claim and allow Defendant to respond to each claim individually. Plaintiff must separate

[30] Fed. R. Civ. P. 8(a)(2) states "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim." Fed. R. Civ. P. 10(b) states "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"
[31] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).
[32] *Id.* at 1322 (footnote omitted).
[33] *Id.* at 1323 (footnote omitted).
[34] *Weiland*, 792 F.3d at 1323 (footnote omitted).

his causes of action into separate counts and clarify the factual allegations supporting each claim.

**C. Rule 11 Obligations**

The Court informs Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs his representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[35]

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not

[35] Fed. R. Civ. P. 11(b).

understand fully their pleading obligations. The Court cautions Plaintiff that these generative AI technologies may produce factually or legally inaccurate content.

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must review and verify all computer-generated content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11. To assist Plaintiff in meeting his pleading obligations, the Court **ORDERS** as follows: **In all pleadings, including Plaintiff's amended complaint, Plaintiff must include a signed statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiff must certify that he has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

**E. Motion for Appointment of Counsel [Doc. 3]**

Under 28 U.S.C. § 1915(e)(1), "a court has broad discretion to appoint counsel for an indigent plaintiff in a civil case only if exceptional circumstances exist."[36] Exceptional circumstances include "the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'"[37] "The key is whether the

[36] *Redd v. Conway*, 160 F. App'x 858, 863 (11th Cir. 2005) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).
[37] *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).

pro se litigant needs help in presenting the essential merits of his or her position to the court."[38]

Plaintiff fails to show any exceptional circumstance justifying an appointment of counsel in this employment discrimination case. Although Plaintiff contends that "this case involves complex issues of federal employment law, administrative exhaustion, and statutory interpretation that require legal expertise,"[39] this case does not appear to be more complex than other employment discrimination cases before the Court. Plaintiff also argues that Defendant will have greater legal resources due to its representation by the United States Department of Justice and his lack of financial resources to retain private counsel and that his claims are non-frivolous;"[40] these are not exceptional circumstances. Thus, Plaintiff's Motion [Doc. 3] is **DENIED**.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, and Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **DENIED**. If Plaintiff wishes to maintain this action, then under 28 U.S.C. § 1915(e)(2) he **must file a recast Complaint** within 21 days of the date of this Order, which will supersede his original Complaint. This recast Complaint **MUST** be filed in accordance with the

---

[38] Pl.'s Mot. Appointment Counsel, at 1 [Doc. 3].
[39] *Id.*
[40] *Id.*

directives contained in this Order. If Plaintiff fails to respond within twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint under 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

**SO ORDERED,** this 20th day of October, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT